IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

[85] JEANNETTE CAMPOS-CORREA
a/k/a  ELIZABETH PÉREZ-ORTIZ

Defendant.

CRIMINAL 07-290 (PG)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE:  RULE 11 PROCEEDINGS (PLEA OF GUILTY)

**I.      Procedural Background**

On July 24, 2007, a grand jury returned a three-count indictment against Jeannette Campos Correa (hereinafter referred to as "defendant") and ninety four other individuals.  (Docket No 2.)  The defendant has agreed to plead guilty to count one of the indictment.  Count one charges that beginning in or about January 2003 and continuing up to and until the return of the instant indictment, in the District of Puerto Rico and within the jurisdiction of this court Jeannette Campos and others did knowingly and intentionally conspire with each others known and unknown to the grand jury to commit and offense against the United States, that is to possess with intent to distribute one (1) kilogram or more of heroin, a Schedule I Narcotic Drug Controlled Substance; fifty (50) grams or more of cocaine base ("crack"), a Schedule II Narcotic Drug Controlled Substance, and one thousand (1,000) kilograms or more of marihuana, a Schedule I Controlled Substance, within the Dr. Pila Pulic Housing Project; Ponce Housing Public Housing Project; El Puente (located across the street from the Dr. Pila Public Housing Project); Acueducto Street; El Tuque Ward; El Almacén (located at Virtud Street); Betances Street; José M. Gándara Public Housing Project; Portugués Public Housing Project; Los Rosales Public Housing Project; Ernesto Ramos Antonini Public Housing Project ("Pámpanos"); Bélgica Ward; Hortaliza Sector at Coto Laurel Ward; Palmarejo Sector at Coto Laurel Ward; Borinquen Ward; Las Martínez Alley at La Cantera Sector; Puerto Viejo at the Ponce Beach Area; La Coroza Ward, and Las

2

Vallas Sector at Maraguez Ward, all the above located in the Municipality of Ponce, Puerto Rico, and the drug distribution points located at Sabana Llana Ward, La Plena Ward and Los Mojaos Sector, all in the Municipality of Juana Díaz, Puerto Rico, all in violation of Title 21, United States Code, Sections 841(a)(1), 846, and 860.

**II.     Consent to Proceed Before a Magistrate Judge**

On March 17, 2009, while assisted by Jorge L. Díaz-Reverón, Esq., the defendant, by consent, appeared before the undersigned in order to change her previous not guilty plea to a plea of guilty as to count one of the indictment.

In open court the defendant was questioned as to the purpose of the hearing being held and was advised of:  (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that her answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) her right to have the change of plea proceedings presided by a district judge instead of a magistrate judge.  The defendant was also explained the differences between the appointment and functions of the two.  The defendant consented to proceed before the undersigned magistrate judge.

**III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure**

**A.     Rule 11(c)(1) Requirements**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations.  Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'"  United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]:  1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.  United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

**B.  Admonishment of Constitutional Rights**

To assure defendant's understanding and awareness of her rights, defendant was advised of her right:

3

1.    To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving her guilt beyond a reasonable doubt.

2.    To testify or not to testify at trial, and that no adverse inference could be made in relation to her decision not to testify.

3.    To a speedy trial before a district judge and a jury, at which she would be entitled to see and cross examine the government witnesses, present evidence on her behalf, and challenge the government's evidence.

4.    To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5.    To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing her demeanor and her speaking with her attorney, that to the best of counsel's belief defendant had fully understood her rights, it is determined that defendant is aware of her constitutional rights.

**C.  Consequences of Pleading Guilty**

Upon advising defendant of her constitutional rights, she was further advised of the consequences of pleading guilty.  Specifically, defendant was advised that by pleading guilty and upon having her guilty plea accepted by the court, she will be giving up the above rights and will be convicted solely on her statement that she is guilty.

In response to further questioning, defendant was explained and she understood that if convicted on count one she will face a term of imprisonment of not less than ten (10) years and not more than life, a fine not to exceed eight million dollars ($8,000,000.00), and a term of supervised release of at least ten (10) years.  The defendant was explained what the supervised release term means and was also made aware that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon

4

her, she later could not withdraw her guilty plea for that reason alone.  Furthermore, the defendant was admonished of the fact that by pleading guilty she would not be allowed later on to withdraw her plea because she eventually might disagree with the sentence imposed, and that if she violates the conditions of supervised release, that privilege could be revoked and she could be required to serve an additional term of imprisonment.  She was also explained that parole has been abolished.  The defendant understood these explanations.

**D.  Plea Agreement**[1]

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record.  Defendant was clearly warned and recognized having understood that:

1.  The plea agreement is not binding upon the sentencing court.

2.  The plea agreement is an agreement between the defendant, defense counsel and the attorney for the government which is presented as a recommendation to the court in regards to the applicable sentencing adjustments and guidelines, which are advisory.

3.  The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

4.  In spite of the plea agreement and any sentencing recommendation contained therein, the sentencing court retains full discretion to reject such plea agreement and impose any sentence up to the maximum possible penalty prescribed by statute.

Defendant acknowledged having understood this explanation.

**E.  Government's Evidence (Basis in Fact)**

The government presented a proffer of its evidence consistent with the version of facts of the plea agreement with which the defendant concurred. Accordingly, it is determined that there is a basis in fact and evidence to establish all the elements of the offense charged.

---

[1]  "Plea agreement" refers to the agreement and its supplement.

5

**F.  Voluntariness**

The defendant accepted that no threats had been made to induce her to plead guilty and that she did not feel pressured to plead guilty.

**G.  Special Warnings**

The defendant was explained, and she understood, that if the court accepts the plea agreement and sentences her according to its terms and conditions, she will be surrendering her right to appeal the sentence and judgment in this case.

**IV.   Conclusion**

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to count one of the indictment.  After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant Jeannette Campos-Correa  is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of her guilty plea.  Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.  Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court.  <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

At San Juan, Puerto Rico, this 18th  day of March, 2009.

s/Marcos E. López
U.S. MAGISTRATE JUDGE